Filed: 5/1/2020 10:34 AM
Lynne Finley
District Clerk
Collin County, Texas
By Faythe Aguirre Deputy
Envelope ID: 42681902

CAUSE NO. 296-02306-2020

| | | |
|---|---|---|
| LIHONG GUO AND<br>XUAN ZHO | §<br>§<br>§ | IN THE DISTRICT COURT |
| V. | §<br>§<br>§ | __296__ JUDICIAL DISTRICT |
| MERIDIAN SECURITY INSURANCE<br>COMPANY | §<br>§<br>§ | COLLIN COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes LIHONG GUO and XUAN ZHO ("Plaintiffs"), who file Plaintiffs' Original Petition against MERIDIAN SECURITY INSURANCE COMPANY ("MERIDIAN"), and in support thereof, would show as follows:

### I.
### DISCOVERY CONTROL PLAN LEVEL

Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiffs will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### II.
### PARTIES AND SERVICE

Plaintiffs are individuals who reside in Texas.

MERIDIAN is in the business of insurance in the State of Texas. The insurance business done by MERIDIAN in Texas includes, but is not limited to, the following: The making and issuing of contracts of insurance; The taking or receiving of an application for insurance, including Plaintiffs' application for insurance; The receiving or collection of premiums, commissions,

1

**EXHIBIT G**

membership fees, assessments, dues or other consideration for any insurance or any part thereof; and the issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including Plaintiffs.

MERIDIAN, as is noted in their Policy with Plaintiffs, may be served by Certified Mail Return Receipt Requested upon Corporation Service Company, 211 East 7th Street, Suite 620, Austin, TX 78701-3218, or wherever else they may be found.

## III.
## JURISDICTION AND VENUE

Venue is appropriate in Collin County, Texas because all or part of the conduct giving rise to the causes of action were committed in Collin County, Texas and the property which is the subject of this suit is located in Collin County, Texas.

Accordingly, venue is proper pursuant to Texas Civil Practice & Remedies Code §15.002.

## IV.
## FACTS

Plaintiffs purchased a policy of insurance from MERIDIAN and specifically bought a replacement-cost policy just in case this sort of loss happened. The policy was in full force and effect on or around the date of loss in question when a wind and hail storm passed through Collin County. The Plaintiffs' residence received significant hail and wind damage as a result. The roof immediately began leaking and the insureds knew something catastrophic must be wrong with the structural integrity of their home as a result of the storm.

A claim was reported to MERIDIAN under Policy No. 1000197795 and Claim No. PR-0000000-203578 was assigned to Plaintiffs. MERIDIAN and their agents/representatives were indisputably obligated to adjust any claim made against that policy in accordance with the Texas Insurance Code. Chief among these duties, they were obligated to:

2

- To not misrepresent material facts relating to coverage at issue (§ 541.060(a)(1));

- To attempt in good faith to effectuate a prompt, fair, and equitable settlement a claim in which the insurer's liability has become reasonably clear (§ 541.060(a)(2));

- To promptly provide a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim (§ 541.060(a)(3)); and

- To not refuse to pay a claim without conducting a reasonable investigation with respect to the claim (§ 541.060(a)(7)).

When Plaintiffs made their claim under the policy, it was requested that MERIDIAN provide insurance benefits for the roof, the corresponding roof components and fixtures, the interior damage to multiple rooms, and any associated cost Plaintiffs were reasonably likely to incur (such as a general contractor's overhead and profit (O&P)) for repairing these items.

Upon first inspecting this property in April, 2018, MERIDIAN agreed that there was damage to the exterior of the insureds' property, 65 shingles on the roof were damaged, window beading and vinyl needed to be replaced, painting was needed, and that the fence needed pressure washing and painting. Upon inspection of the interior of the property, MERIDIAN agreed that drywall was also damaged and in need of repair and painting. The scope of damages that MERIDIAN offered to pay was not sufficient, nor was the amount of damage they offered to cover.

It was clear, open and obvious at this time that their insureds had damage that should have been plaid for. Instead, Meridian, through State Auto, chose to intentionally further delay the proper payment and administration of this claim. MERIDIAN went on to retain the services of an engineer to investigate the storm damage to the insureds' property. After this inspection, MERIDIAN agreed at this time that 5 more shingles were damaged and needed to be replaced. They updated their estimate in May, 2018 to show such.

To be clear, the severity of the hail event that struck this property on the date of loss in

3

question is not in dispute. In fact, MERIDIAN's own engineer stated the following:

*Conclusions*

>  Based on the study of collateral indicators, <u>hail up to 1 ¼ inch in diameter fell at the property.</u> Field investigations and laboratory study indicate that 1 and ¼ inch diameter hail is typically capable of damaging dimensional-style, fiberglass-mat asphalt shingles. <u>While weather data indicates hail up to 2 inches in diameter</u>

He also included the following photograph that shows the large hail in the area on the date of loss:



It should also be stated that, MERIDIAN only decided to hire an engineer once they began getting grief from the insureds' hired public adjuster. It was at this point in time, just before their engineer as going to inspect the property for the first time, that MERIDIAN sent a very curious Reservation of Rights letter to the insureds. The Reservation of Rights letter sent on August 13, 2018, four months after the date of loss and after MERIDIAN made two attempts to decide coverage. In fact, they did decide coverage existed. Rather, despite 2" hail being reported on location of this loss, MERIDIAN believed the obvious hail damage they were investigating just may have been the result of "wear and tear" and not from the 2" hail that likely fell at this property.

4

Before this letter, MERIDIAN made no mention of coverage being at issue until four months after the date of loss. It is direct evidence that MERIDIAN decided to do what they likely always do when they want to refuse to properly pay a claim in full. MERIDIAN will retain an engineer, likely quite-often one from this very engineering firm, to write a report that states illusory and ambiguous conclusions such as, despite 2" hail at the location, the extensive granular loss is do to wear and tear and not the hail damage everyone agrees fell at this property. This is bad-faith. The Reservation of Rights letter began with the following:

August 13, 2018

Xuan Zhao & Lihong Guo
2301 Stacia Drive
Plano, TX 75025

Our Insured:   Xuan Zhao & Lihong Guo
File Number:   PR-0000000-203578
Loss Date:     04/06/2018

Dear Xuan Zhao & Lihong Guo:

We have received a report of a claim under the policy of insurance issued to Xuan Zhao & Lihong Guo through Meridian Security Insurance Company. <u>Unfortunately, it appears the policy may not cover you for some or all aspects of this claim.</u> This is not a coverage denial but, based on the facts as we know them, <u>coverage is uncertain right now,</u> or may be significantly limited. Please review the following explanation carefully.

This letter is dated about four months after the claim was reported to MERIDIAN, and yet, despite knowing 2" hail fell at the property, "coverage is uncertain right now." It is not indicative by any reasonable interpretation of a carrier attempting in good-faith to resolve a claim in favor of their insured nor trying to give their insured the benefit of the doubt.

Although, if you ask Mr. Brewer on behalf of MERIDIAN, denying to pay a claim is not equal to "denying the claim." For some reason, despite not paying the claim in accordance with the request of their insureds, MERIDIAN believed(es) that they did not deny this claim. Perhaps

leaving their insureds in the dark for four plus months makes more sense as a solution to MERIDIAN. Unfortunately for them, if you do not timely pay a claim, you did not accept it. If you don't accept the claim, you deny it. At best, you do not meet deadlines as required under the Texas Insurance Code and other applicable Texas laws. Mr. Brewer went out of his way to deny that the claim was denied by MERIDIAN. Again, four months after the loss, he stated the following:

**From:** Nate Brewer <Nate.Brewer@stateauto.com>
**Sent:** Monday, August 13, 2018 1:45:55 PM
**To:** Matthew Morgan
**Cc:** Jared Derusha; Evan Cardosa; Lihongguo2007@gmail.com
**Subject:** RE: State Auto Claim #PR-0000000-203578 - Xuan Zhao

Mr. Morgan,

Once again, we have not denied this claim at any time. We have disagreed on the scope of the damage.

As expected from the engineer retained in this matter, who has likely been retained by MERIDIAN on a myriad of other claims for the same purpose, the ambiguity and deception began to run rampant. He stated the following in his report:

> but are inconsistent with hail damage. Granule accumulation within the gutters is an indication of age related deterioration of shingles and normal granule loss. Rain and hail storms typically result in additional granule loss and accumulation within gutters and at the base of downspouts. This granule accumulation is not an indicator of damage or a reduction of the shingle's service life.

The words are confusing, at best. Granular accumulation within gutters is an indication of age and wear and tear. While minimal accumulation may be plausible due to wear and tear, they admitted over 1" hail fell at this property. Anything in excess of minimal granular accumulation is much more likely to be the result of hail damage, in particular at this property where large hil admittedly fell. The very next sentence reads, "Rain and hail storms typically result in additional granule loss and accumulation within gutters and at the base of the downspouts." MERIDIAN's

engineer admits that what he has found, extensive granular loss in the gutters at this location during his inspection, is the result and an indicator of both, wear and tear and hail storm damage. Yet, the engineer did not give the insured the benefit of the doubt. MERIDIAN did not give the insured the benefit of the doubt. Just as his own report states, hail storms typically result in granular loss and accumulation within gutters and at the base of downspouts. A hail storm hit this property, that is agreed by all parties. Extensive granular loss exists, that is agreed by all parties. Hail storms generally cause extensive granular loss, that is agreed by all parties. Yet, the granular loss at this location must be from wear and tear, a non-covered peril, we all know why this conclusion was drawn.

Lastly, there is not an engineer in this Country that is willing to testify to the validity of the last sentence, underlined in green, above. "This granule accumulation is not an indicator of damage or a reduction of the shingle's service life." It most certainly absolutely and unequivocally is an indicator of all of those things. Absolute falsified information to skew the findings of an inspection in favor of their hiring source, MERIDIAN. It's unacceptable by both MERIDIAN and their hired engineer from Donan Engineering to write that to their insureds.

As if that paragraph alone were not discrediting enough, the deceit did not end there on behalf of the Donan Engineer and MERIDIAN, as a result. The engineer outright lied in his report, taking photos of clear damage and labeling them, "no damage." An example of this could not be seen any clearer than the following photograph, pulled directly from the report of Donan's and MERIDIAN's engineer:



Photograph 12: No dents on skylight frame.

No dents to the skylight frame? I'm not sure what else to call that giant indentation clearly seen in the photo. He also took photographs of fractured shingles and stated that, because they were not round in nature, they could not be hail hits. It's one of the more questionable engineer reports you can find. This photo referenced is attached, here:



Photograph 14: Fractured ridge cap shingle.

Even though the damage was apparent at the time of MERIDIAN's inspection, MERIDIAN still refused to recognize the extent of the covered damage. Not only did MERIDIAN refuse to acknowledge the scope of the covered damage, MERIDIAN failed to provide facts as it relates to the policy for how and why these damages were not covered. MERIDIAN instead merely glossed over these damages thereby violating its duties under the Texas Insurance Code. Texas. Ins. Code § 541.060(a)(3). Moreover, this is a violation of the statutory and common law duty to deal in good faith because MERIDIAN and its agents knew or should have know that it was reasonably clear the claim was covered.

Simply put, even though MERIDIAN's liability under the policy was reasonably clear, MERIDIAN refused to effectuate a prompt, fair, and equitable settlement with the Plaintiffs. MERIDIAN also failed to provide a reasonable explanation under the terms of the policy as to why the wind damages and hail damages were not being paid for. To date, MERIDIAN continues

to delay payment for the damages to the Property.

MERIDIAN found no issues with the overall condition of the property or roof when they did their pre-Policy due diligence, but, as soon as their insureds filed a hail claim, the property was very badly damaged but it was done so from a previous date of loss. The roof was fine when they took the Policy, but as soon as a hail claim was filed, there was rampant "wear and tear." MERIDIAN's conduct in this regard was misleading, it was deceptive, it is willful and they should be held accountable.

Further, MERIDIAN's failure to perform its contractual duty to pay for all direct physical loss to the Plaintiffs' property under the terms of their Policy is a breach of contract. Specifically, MERIDIAN refused to pay the full proceeds of the Policy after conducting an outcome-oriented investigation, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery under the Policy have been carried out and accomplished by Plaintiffs. MERIDIAN's conduct has caused damages to Plaintiffs within the jurisdiction of this Court.

As described above, MERIDIAN misrepresented to Plaintiffs the scope of the damage and that certain damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. MERIDIAN's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(1).

As described above, MERIDIAN failed to make an attempt to settle Plaintiffs' claim in a fair manner, although aware of the liability to Plaintiffs under the Policy. This conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(2)(A).

As described above, MERIDIAN failed to promptly provide a reasonable explanation

10

of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim. This conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(3).

As described above, MERIDIAN failed to affirm or deny coverage within a reasonable time, and failed to submit a reservation of rights within a reasonable amount of time. Tex. Ins. Code §541.060(a)(4).

As described above, MERIDIAN refused to pay a claim without conducting a reasonable investigation with respect to the claim. This conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(7).

MERIDIAN failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim, and requesting all information reasonably necessary to investigate Plaintiffs' claim within the statutorily mandated time of receiving notice of Plaintiffs' claim. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code §542.055.

Further, MERIDIAN failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code §542.056.

Further, MERIDIAN failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, it has delayed full payment of Plaintiffs' claim and, to date, Plaintiffs have not received full payment for the claim. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code §542.058.

From and after the time Plaintiffs' claim was presented to MERIDIAN, its liability to

pay the full claim in accordance with the terms of the Policy was reasonably clear. However, it has refused to pay Plaintiffs in full, despite there being no basis whatsoever upon which a reasonable insurance company would have relied to deny the full payment. MERIDIAN's conduct constitutes a breach of the common law duty of good faith and fair dealing.

Additionally, MERIDIAN actions violating the Texas Insurance Code were done "knowingly" as that term is used in the Texas Insurance Code and DTPA.

Because of MERIDIAN's wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who is representing Plaintiffs with respect to these causes of action.

## V.
## CAUSES OF ACTION

### A. BREACH OF CONTRACT AGAINST MERIDIAN

MERIDIAN's conduct constitutes a breach of the insurance contract between it and Plaintiffs. MERIDIAN's failure and/or refusal, as described above, to pay Plaintiffs adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiffs.

### B. NONCOMPLIANCE WITH TEXAS INSURANCE CODE:

#### 1. UNFAIR SETTLEMENT PRACTICES AGAINST MERIDIAN

As described above, MERIDIAN's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices: Tex. Ins. Code §541.060(a). MERIDIAN's conduct in making misrepresentation over the facts surrounding the damage, the weather, and the coverage available are also in direct violation of Tex. Ins. Code §541.061. All violations under this article are made actionable by Tex. Ins. Code §541.151.

MERIDIAN's unfair settlement practice, as described above, of misrepresenting to

Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(1).

MERIDIAN's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though its liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(2)(A).

MERIDIAN failed to explain to Plaintiffs any valid reason for its coverage denial and offer of an inadequate settlement. Specifically, they failed to offer Plaintiffs full compensation, without any valid explanation why full payment was not being made. Furthermore, the MERIDIAN did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim. This conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

As described above, MERIDIAN failed to affirm or deny coverage within a reasonable time, and failed to submit a reservation of rights within a reasonable amount of time. Tex. Ins. Code §541.060(a)(4).

MERIDIAN's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(7).

2.  **THE PROMPT PAYMENT OF CLAIMS AGAINST MERIDIAN**

MERIDIAN's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by Tex. Ins. Code §542.060.

MERIDIAN's failure to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and request from Plaintiffs all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of Tex. Ins. Code §542.055.

MERIDIAN's failure to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim. Tex. Ins. Code §542.056.

MERIDIAN's delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. Tex. Ins. Code §542.058.

**C.  BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**

MERIDIAN's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds pursuant to insurance contracts.

MERIDIAN's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, it knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

14

## VI.
## KNOWLEDGE

Each of the acts described above, together and singularly, was done "knowingly" by MERIDIAN as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiffs' damages described herein.

## VII.
## DAMAGES

Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and producing causes of the damages sustained by Plaintiffs.

As previously mentioned, the damages caused by the covered losses have not been properly addressed or repaired in the months since the loss occurred, causing further damage to the Property, and causing undue hardship and burden to Plaintiffs. These damages are a direct result of MERIDIAN's mishandling of Plaintiffs' claim in violation of the laws set forth above.

For breach of contract, Plaintiffs are entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees.

For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiffs asks for three times the actual damages. Tex. Ins. Code §541.152.

For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of Plaintiffs' claim, as well as the applicable interest per annum on the amount of such claim as damages, together with attorney's fees. Tex. Ins. Code §542.060.

For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty,

15

such as additional costs, losses due to nonpayment of the amount the insurer owed, and exemplary damages.

For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## VIII.
## ADDITIONAL DAMAGES

In addition, as to any exclusion, condition, or defense pled by MERIDIAN, Plaintiffs would show that:

The clear and unambiguous language of the policy provides coverage for damage caused by losses made the basis of Plaintiffs' claim, including the cost of access to fix the damages;

In the alternative, any other construction of the language of the policy is void as against public policy;

Any other construction and its use by MERIDIAN violates the Texas Insurance Code section 541 etc. seq. and is void as against public policy;

Any other construction is otherwise void as against public policy, illegal, and violates state law and administrative rule and regulation.

In the alternative, should the Court find any ambiguity in the policy, the rules of construction of such policies mandate the construction and interpretation urged by Plaintiffs;

In the alternative, MERIDIAN is judicially, administratively, or equitably estopped from denying Plaintiffs' construction of the policy coverage at issue;

16

In the alternative, to the extent that the wording of such policy does not reflect the true intent of all parties thereto, Plaintiffs plead the doctrine of mutual mistake requiring reformation.

## IX.
## REQUEST FOR DISCLOSURES

Pursuant to the Texas Rules of Civil Procedure 194, Plaintiffs request that MERIDIAN provide the information required in a Request for Disclosure.

## X.
## FIRST REQUEST FOR PRODUCTION TO FARMERS

1) Produce the MERIDIAN's complete claim file (excluding all privileged portions) in your possession for Plaintiffs' property relating to or arising out of any damages caused by the loss for which MERIDIAN opened a claim under the Policy. Please produce a privilege log for any portions withheld on a claim of privilege.

2) Produce all non-privileged emails and other forms of communication between MERIDIAN, its agents, adjusters, employees, or representatives and the adjuster, and/or their agents, adjusters, representatives or employees relating to, mentioning, concerning or evidencing the Plaintiffs' property which is the subject of this suit.

3) Produce any complete claim file (excluding all privileged portions) in the MERIDIAN's possession for the Plaintiffs /insured and/or for the Plaintiffs' property as listed in the Plaintiffs' Original Petition, relating to or arising out of any claim for damages which MERIDIAN opened a claim under any policy. Please produce a privilege log for any portions withheld on a claim of privilege.

## XI.

As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiffs' counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiffs' counsel states that Plaintiffs seek monetary relief over $100,000 but not more than $200,000. The amount of monetary relief actually awarded, however, will ultimately be determined by a jury. Plaintiffs also seek pre-judgment and post-judgment interest at the highest legal rate.

# XII.
# PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that MERIDIAN be cited to appear and answer herein; that, on final hearing, Plaintiffs have judgment against MERIDIAN for an amount, deemed to be just and fair by the jury, which will be a sum within the jurisdictional limits of this Court; for costs of suit; for interest on the judgment; for pre-judgment interest; and, for such other and further relief, in law or in equity, either general or special, including the non-monetary relief of declaratory judgment against the MERIDIAN, to which Plaintiffs may be justly entitled.

Respectfully submitted,

**CROWELL & KUCERA, PLLC**
2028 E. Ben White Blvd. Ste. 240-2015
Austin, TX 78741
Telephone:  (512) 870-7099
Facsimile:  (512) 388-9520


BY: /s/ *Benjamin R. Crowell*
BENJAMIN R. CROWELL III
State Bar No. 24087360
ben@ck-firm.com
BRENNAN M. KUCERA
State Bar No. 24076491
brennan@ck-firm.com

**ATTORNEYS FOR PLAINTIFFS**

**PLAINTIFFS REQUEST A TRIAL BY JURY**

18

Case 4:20-cv-00455-ALM Document 1-9 Filed 06/12/20 Page 19 of 19 PageID #: 634

**CERTIFIED MAIL**

FAYTHE AGUIRRE
DISTRICT COURT CLERK'S OFFICE
2100 BLOOMDALE RD # 12132
MCKINNEY, TX 75071-8318

**RETURN RECEIPT (ELECTRONIC)**

9214 8901 0661 5400 0150 7528 31




neopost
05/04/2020
US POSTAGE $006.85

FIRST-CLASS MAIL
ZIP 75071
041M12250879

**296-02306-2020**

MERIDIAN SECURITY INSURANCE COMPANY
CORPORATION SERVICE COMPANY
211 E 7TH ST STE 620
**AUSTIN, TX 78701-3218**